IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEENAN LAMAR CLOUD, ) | |
| ID# 2104860, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:17-CV-2363-G-BH |
| ) | |
| JUDGE KERRY FITZGERALD, et al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED**.

### I. BACKGROUND

On September 6, 2017, Keenan Lamar Cloud (Plaintiff), an inmate incarcerated in Jordan Unit of Texas Department of Criminal Justice (TDCJ), sued the judge (Judge), his defense attorney (Counsel), and three Assistant District Attorneys (ADAs) who were involved in his prosecution for aggravated robbery. (*See* doc. 5 at 1, 4.)[2]

On May 30, 2014, Plaintiff's spouse was arrested for aggravated assault in connection with a stabbing; Defendant was arrested and charged with the same offense on June 4, 2014, although the charge was later upgraded to aggravated robbery. Plaintiff claims that there were inconsistencies between the number of stab wounds reported by the police and what was included in the police report. The first attorney appointed to represent him came to visit him six months after his arrest to discuss a plea, and he told Plaintiff that the prosecutor offered a plea bargain of 40 years. After he had been in custody for two years, a second prosecutor offered him

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

time served. Counsel tried to get Plaintiff to testify against his wife and tried to get him to take the offer of time served. (*Id.*) Counsel failed to represent him, did not file any motions, and conspired with the state because he "owed the state a favor." The third prosecutor offered a five-year plea deal. The second defense attorney appointed to represent Plaintiff had a conflict of interest and had to recuse herself because she had been a prosecutor in the case, but she told him that the plea offer was five years because the prosecutor was uncertain about the case. He accepted the five-year offer because Judge threatened that if he did not accept the plea, his trial would be set before an all white jury. (*See* docs. 3, 5, 10-14.)

Plaintiff alleges that his arrest and conviction are the result of police, prosecutorial and judicial misconduct, conspiracy, and falsified records. He appears to assert claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, Sixth and Eighth Amendments as well as under state law for false imprisonment, fraud, and defamation. (docs. 3 at 1, 4-5; 11 at 1, 3.) He seeks to be acquitted or exonerated and monetary damages. (*See* doc. 3 at 4; doc. 5 at 4; 13 at 1.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     <u>No Habeas Relief</u>**

To the extent that Plaintiff seeks release from imprisonment, he fails to state a claim upon which relief can be granted. Release is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary

3

relief in this § 1983 action, he fails to state a claim upon which relief may be granted on any claim for release.

**B.     Eleventh Amendment Immunity**

To the extent that Plaintiff sues Judges and ADAs in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Any suit against the Judge in his official capacity is therefore a suit against the State of Texas. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 638–39 (N.D. Tex. 2007); *see also Thomas v. State*, 294 F. Supp. 2d 576, 592 (N.D. Tex. 2016). When acting in their official prosecutorial capacities, Texas assistant district attorneys are considered agents of the State, so any suit against the ADAs in their official capacities is also a suit against the State of Texas. *See Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal

4

court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Eleventh Amendment immunity bars any federal and state law claims against the Judge and the ADAs in their official capacities, and those claims should be dismissed.

C.  **Judicial Immunity**

To the extent that Plaintiff sues Judge in his individual capacity, he is also immune from suit. The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. Id. at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12;

*see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge...." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "The absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) ). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Because the alleged conduct by Judge occurred in the courtroom while he was presiding over Plaintiff's case in his official capacity and centered around a case pending before him, and was undertaken under the jurisdiction provided to the 195th Judicial District Court, Judge is entitled to absolute immunity from Plaintiff's claims against him in his individual capacity.

### D.  Prosecutorial Immunity

To the extent that Plaintiff sues the ADAs in their individual capacities, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Prosecutors are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, Plaintiff has not alleged that the ADAs acted other than in their adjudicative roles as prosecutors. Because all of the acts of which he complains were taken during the course and scope of their duties as prosecutors, the ADAs are entitled to prosecutorial immunity for any individual capacity claims. *See Imbler*, 424 U.S. at 423.

### E.  No State Action

Plaintiff also asserts claims against Counsel under § 1983. (*See* doc. 3 at 1-2; doc. 5 at 3.)

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir.1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

A private party may be acting "under color of state law" and be held liable under § 1983 in

certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). For example, a defense attorney may be held liable under § 1983 if the attorney conspired with state officials in the criminal case. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988); *see also Hamil v. Nader*, 589 F. App'x 271, 272 (5th Cir.2015) (ineffective assistance of counsel is not enough for conspiracy). To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).

Here, Plaintiff generally alleges that Counsel conspired with the state because he owed a favor or made a deal with them. (doc. 11 at 2.) Because he fails to allege facts to suggest an agreement between Counsel and any state actor, his conclusory allegation is insufficient to state a § 1983 claim against Counsel.

## IV. RECOMMENDATION

Any claims against Judge and the ADAs in their official capacities should be **DISMISSED without prejudice**, and Plaintiff's remaining claims should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, this 17th day of April, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE